WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorrie Moss,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Social Security Administration,<br><br>　　　　　　　Defendant. | No. CV-13-02608-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss (Doc. 8). For the following reasons the Motion is granted.

**BACKGROUND**

Plaintiff filed a Chapter 7 no-asset bankruptcy on November 19, 2012. (*Id*.) The docket in Plaintiff's bankruptcy case shows a discharge was entered on March 5, 2013 and termination on March 13, 2013. (Doc. 1-3, at 5.) During the bankruptcy proceeding, an overpayment reimbursement owed from Plaintiff to the Social Security Administration (SSA) was discharged. (Doc. 8 at 2.) However this amount only included the overpayment that occurred before Plaintiff's bankruptcy petition. (Doc. 8-1 at ¶ B-C.) There is a continuing administrative proceeding with the SSA regarding an overpayment amount to Plaintiff that occurred after Plaintiff's bankruptcy petition. (Doc. 8-1 at ¶ G.)

Plaintiff filed her Complaint in Superior Court of Arizona Maricopa County on October 15, 2013. The Complaint consisted of one hand-written paragraph requesting a hearing and damages regarding Defendant's violation of a bankruptcy stay. (Doc. 1-2, at

13.) Defendant removed the case to this Court from Maricopa County Superior Court in December 2013 based on 28 U.S.C. § 1442(a)(1). (Doc. 1.) Defendant filed a motion to dismiss the Complaint and action for lack of subject matter jurisdiction on January 13, 2014. (Doc. 8.) On February 24, 2014, after no response from Plaintiff, the Court issued an Order stating "that LRCiv 12.1(b) and 56.1(d) provides that an opposing party to a motion to dismiss for lack of jurisdiction 'may, unless otherwise ordered by the Court, have thirty (30) days after service within which to serve and file a responsive memorandum in opposition.'" (Doc. 9 at 1.) The Court ordered Plaintiff to file and serve a responsive pleading by March 10, 2014. In the order, the Court stated that "[s]hould Plaintiff fail to comply, the Court may consider such failure to respond as consent to the granting of the motion. This could result in the dismissal of Plaintiff's claim(s)." (*Id*. at 2.) This second deadline has now passed.

## DISCUSSION

Local Rule of Civil Procedure 7.2 provides that an unrepresented party's failure to respond to a motion "may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). Federal Rule of Civil Procedure 60(b)(1) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." However, "mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). This Circuit has made clear that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (pro se litigants should not be treated more favorably than parties represented by attorneys); *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (pro se litigants are subject to the same good faith limitations imposed on lawyers). Plaintiff's failure to respond to Defendant's Motion to Dismiss and the Court's order are sufficient grounds for dismissal. However, as Defendant's Motion to Dismiss also succeeds on the merits.

1    The Court lacks subject matter jurisdiction over this case.  Suits against the United
2 States and its agencies are barred by sovereign immunity unless permitted by an explicit
3 waiver of immunity from suit.  *FDIC v. Meyer*, 510 U.S. 471 (1994).  The Social Security
4 Administration, as an agency of the United States, is entitled to sovereign immunity.
5 *Gerritsen v. Consulado General de Mexico*, 988 F.2d 340, 343 (9th Cir. 1993).  No
6 statutory waiver of sovereign immunity is applicable.  At any rate, statutory waivers of
7 sovereign immunity are strictly construed and any ambiguities resolved against allowing
8 suit.  *United States v. Williams*, 514 U.S. 527, 531 (1995); *See also United States v.*
9 *Nordic Village*, 503 U.S. 30, 37 (1992).  This Court does not have jurisdiction over
10 Plaintiff's bankruptcy case.  Nor does the state court where the Complaint was originally
11 filed.

12    Therefore,

13    **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 8) is granted.

14    **IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this
15 action and enter judgment accordingly.

16    Dated this 20th day of March, 2014.

*/s/ A. Murray Snow*
_____
G. Murray Snow
United States District Judge